UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


SHERRON SAYRE                                                    PLAINTIFF


VS.                                    CIVIL ACTION NO. 3:10CV536TSL-FKB


PHARMACY CORPORATION OF AMERICA
D/B/A PHARMERICA                                                  DEFENDANT


                    MEMORANDUM OPINION AND ORDER

     This cause is before the court on the motion of defendant
Pharmacy Corporation of America d/b/a Pharmerica, pursuant to
Federal Rule of Civil Procedure 12(b)(6), to dismiss counts I, III
and VI of plaintiff Sherron Sayre's complaint.[1]  Plaintiff has
responded in opposition to the motion and the court, having
considered the memoranda of authorities, together with
attachments, submitted by the parties, concludes the motion should
be denied.

     In counts I and III of her complaint, respectively, plaintiff
alleges she was terminated on account of her race, white, and in
retaliation for complaints of discrimination, in violation of
Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and
because of her age, in violation of the Age Discrimination in
Employment Act of 1967, § 29 U.S.C. § 621, *et seq.*  Defendant

_____

     [1]     There is also pending a motion by plaintiff for leave to
file a surrebuttal to defendant's reply in support of its motion.
Her motion will be granted.

seeks dismissal of these counts on the basis that plaintiff failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC), as she failed to file a charge within 180 days of her termination.

Title VII requires the filing of a complaint with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).  The ADEA similarly provides that no civil action may be commenced thereunder until sixty days after a charge has been filed with the EEOC, which "shall be filed within 180 days after the alleged unlawful practice occurred."  29 U.S.C. § 626(d).  "The EEOC filing requirement functions as a statute of limitations rather than a jurisdictional prerequisite.  It is a pre-condition to filing suit in district court, but it is not related to the subject matter jurisdiction of the court." Rhodes v. Guiberson Oil Tools Div., 927 F.2d 876, 878 (5th Cir.) (internal quotations and citation omitted), cert. denied, 502 U.S. 868, 112 S. Ct. 198, 116 L. Ed. 2d 158 (1991).

It is undisputed that plaintiff was terminated on July 15, 2009, so that her last day to timely file a charge with the EEOC was January 11, 2010.  Defendant contends that since plaintiff did not file her charge until January 22, 2010, her charge was clearly untimely and her complaint, therefore, is due to be dismissed.  In response to defendant's motion, plaintiff acknowledges that her

formal "Charge of Discrimination" was marked as "received" by the EEOC on January 22, 2010, eleven days beyond the 180-day deadline, but she maintains that the facts support a finding that she made a timely charge of discrimination to the EEOC.  In this regard, plaintiff's attorney has presented an affidavit explaining that on afternoon of Monday, January 11, 2010, she attempted to hand-deliver plaintiff's EEOC intake questionnaire to the McCoy Federal Building, where the EEOC is housed, but she found that the building was closed.  It was one of numerous buildings in the downtown Jackson area that had been closed due to multiple water main breaks in the City of Jackson's water system as a result of a hard freeze.  After returning to her office that afternoon, plaintiff's attorney placed the intake questionnaire in the mail to the EEOC.  In addition, she asked her assistant to fax the information to the EEOC, but states that she is unable to locate the documents necessary to establish that her assistant was able to successfully fax more than a one-page attachment to the questionnaire.

The following day, after determining that the McCoy Federal Building remained closed on account of the water main breaks, plaintiff's counsel re-sent to the EEOC via facsimile and United States mail plaintiff's intake questionnaire and cover letter, along with a separate letter in which she explained that she had attempted to hand-deliver the questionnaire the previous day and

had faxed and mailed the documents the previous day, and asked that the EEOC lodge the charge with the appropriate date of January 11, 2010.

Unfortunately, the McCoy Federal Building, and hence the EEOC office therein, remained closed through that Friday, January 15, 2010 due to the water main breaks. The following Monday, January 18, 2010, was a federal holiday, Martin Luther King Day, so that EEOC remained closed that day, as well. When the EEOC office reopened on January 19, 2010, the EEOC finally received the information counsel had attempted to timely hand-deliver on January 11, 2010, as it had by then been received by the EEOC on its fax machine and by mail.

Plaintiff contends that her intake questionnaire constitutes her EEOC charge of discrimination, and submits that under the circumstances she has described, her charge should be considered timely. The court agrees. In the court's opinion, in accordance with the Supreme Court's opinion in <u>Federal Express Corp. v Holowecki</u>, 552 U.S. 389, 128 S. Ct. 1147, 170 L. Ed. 2d 10 (2008), plaintiff's intake questionnaire constituted a charge of race and age discrimination.[2] In so concluding, the court recognizes that

---

[2]   Defendant denies plaintiff's questionnaire was a "charge" of discrimination, but contends that even if it was, it was only a charge of race discrimination, and not also a charge of age discrimination. However, on the questionnaire, plaintiff marked the boxes indicating she was claiming both race and age discrimination, and in her accompanying statement, she complained that she was treated less favorably that black workers and younger

an intake questionnaire will not always be deemed a charge of

discrimination.  In <u>Holowecki</u>, however, the Supreme Court

specifically recognized that an intake questionnaire can

constitute a "charge" under the ADEA if it can "be reasonably

construed as a request for the agency to take remedial action to

protect the employee's rights or otherwise settle a dispute

between the employer and the employee."  552 U.S. 389, 402, 128 S.

Ct. 1147, 1158, 170 L. Ed. 2d 10 (2008).  Plaintiff's intake

questionnaire and accompanying letter clearly satisfy this

standard.  The cover letter transmitting the questionnaire and

plaintiff's supporting statement specifically recited that

plaintiff intended her intake questionnaire "to initiate a charge

of discrimination against PharMerica," and asked that the EEOC

"lodge this Charge as filed today in your records."  On the

questionnaire itself, plaintiff marked the box indicating that she

wanted to "file a charge of discrimination, and I authorize the

EEOC to look into the discrimination I described above.  I

understand that the EEOC must give the employer, union, or

employment agency that I accuse of discrimination information

---

workers.
     The court recognizes that when advising plaintiff it had
received her intake questionnaire, the EEOC wrote only that it had
lodged her complaint of "race discrimination," and that the EEOC
did not acknowledge that plaintiff had also claimed age
discrimination.  The EEOC's failure to accurately document the
substance of plaintiff's claim does not undermine the court's
conclusion that plaintiff made a timely charge of both race and
age discrimination.

about the charge, including my name."  The alternative, which she did not choose, was "I want to talk to an EEOC employee before deciding whether to file a charge.  I understand that by checking this box, I have not filed a charge with the EEOC.  I also understand that I could lose my rights if I do not file a charge in time."[3]

The question, then, is whether her charge may be considered timely.  Again, the time period for filing an EEOC charge is not jurisdictional and may be equitably tolled.  The Fifth Circuit has "identified three potential bases for equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." Manning v. Chevron Chem. Co., 332 F.3d 874, 880 (5th Cir. 2003) (citing Blumberg v. HCA Mgmt. Co., 848 F.2d 642, 644 (5th Cir. 1988)).  None of these bases is applicable here.  However, in Parrish v. Voyager Group, Inc., No. 88-2609, 1989 WL 54037 (4th Cir. 1989), the Fourth Circuit, confronting comparable circumstances, concluded that on equitable grounds, the district

---

[3]    The court would note that while it is not determinative, the EEOC treated it as a charge, and notified plaintiff on January 19, 2010, that the information she had submitted constituted a "Charge" under their guidelines, and that as of that date, the EEOC had notified the employer of her charge.

court should have excused a plaintiff's failure to file his EEOC charge within the 180-day period when the local EEOC office was closed without warning due to inclement weather on the last permissible filing day.  In Parrish, the court acknowledged that the equitable doctrines typically considered in the context of late-filed charges, equitable tolling and equitable estoppel, were not applicable.  The former, the court wrote, "focuses on the plaintiff's excusable ignorance of the employer's discriminatory act" whereas the latter "applies when, despite the plaintiff's knowledge of the facts, the defendant engages in intentional misconduct which causes the plaintiff to miss the filing deadline."  Id. at 2.  However, the court concluded that these two doctrines were not the only types of equitable intervention permissible in the context presented.  Observing that "the non-jurisdictional nature of the filing limitation allows it to be tolled or waived when 'equity so requires,' or under 'exceptional circumstances,'" the court held, based on "more general notions of allowable equitable intervention," that

> the district court erred in declining to invoke its more general equitable powers in behalf of a claimant who, having permissibly chosen to file on the last day of the filing period, was then thwarted by the unscheduled

7

> closing of the filing office.  In such a case ... we
> conclude that equitable intervention was required to
> avoid an unjust result.

Id. at 3-4.[4]  In the court's opinion, the court's reasoning ought

be applied in the present case, as well.  Therefore, defendant's

motion to dismiss counts I and III will be denied.

Defendant also moves to dismiss count VI, a state law claim

for intentional infliction of emotional distress, on the basis

that the facts alleged by plaintiff as support for the claim fail

to state a claim upon which relief may be granted.  In her

complaint, plaintiff alleges that after working for defendant for

seven years without any problems, and shortly after receiving a

favorable performance evaluation in April 2009, defendant hired a

new supervisor who told plaintiff's co-workers he wanted to get of

plaintiff, referred to her as "old" and "old school" and "not one

---

[4]      In so holding, the court rejected the defendant's
argument that equity did not favor the plaintiff, who by waiting
until the last day to file his charge had been less than diligent.
The court observed, "That last-day filings are not only not per se
questionable but indeed deserving of special solicitude, is
reflected in the express concern for last-day office closings
embodied in the civil rules.  See Fed. R. Civ. P. 6(a) (last day
of filing period not counted if it falls on 'Saturday, Sunday, or
other holiday' or on day when filing office 'inaccessible' by
reason of 'weather or other conditions.'"  Parrish v. Voyager
Group, Inc., No. 88-2609, 1989 WL 54037, 3 (4th Cir. 1989).

of them."  When she complained of this unlawful behavior to the

Jackson Director Felicia Furman and to an offsite human resources

associate, she was assured there were no problems with her

performance and that there would be an investigation into her

allegations.  However, she never heard anything further and Furman

began to avoid her.  Two weeks later, Furman terminated her

employment, allegedly for absenteeism.  During her subsequent

appeal hearing before the Mississippi Employment Security

Commission relating to the denial of her claim for unemployment

benefits, Furman testified that plaintiff was terminated, in part,

because she was forgetful.  Plaintiff has also submitted an

affidavit from a co-worker who attests that he witnessed

plaintiff's supervisor "talk down to and belittle" plaintiff.

    Under Mississippi law,

    In order for [plaintiff] to prevail on a claim of
    intentional infliction of emotional distress, [she] must
    prove [defendant's] conduct to be so outrageous in
    character, and so extreme in degree, as to go beyond all
    possible bounds of decency, and to be regarded as
    atrocious, and utterly intolerable in a civilized
    community.  Brown v. Inter-City Fed. Bank, 738 So. 2d
    262, 264 (Miss. Ct. App. 1999).  Under our law,
    liability does not extend to mere insults, indignities,
    threats, annoyances, petty oppression, or other
    trivialities.  Id.  Furthermore, damages for
    intentional infliction of emotional distress are usually

9

not recoverable in mere employment disputes.  Id.  "Only
in the most unusual cases does the conduct move out of
the realm of an ordinary employment dispute into the
classification of extreme and outrageous, as required
for the tort of intentional infliction of emotional
distress."  Prunty v. Arkansas Freightways, Inc., 16
F.3d 649, 654 (5th Cir. 1994).

Raiola v. Chevron U.S.A., Inc., 872 So. 2d 79, 85 (Miss. Ct. App.

2004) (allegations that supervisor made inappropriate remarks

about the plaintiff's Italian heritage; that he was terminated for

reasons he did not think justified the employer's decision; and

that supervisors called him a thief during a company meeting and

the MESC hearing, respectively, were insufficient to support a

claim for intentional infliction of emotional distress).  In the

court's opinion, the alleged misconduct identified in plaintiff's

complaint (and in her co-worker's affidavit) does not move out of

the realm of an ordinary employment dispute into the

classification of extreme and outrageous, as required for the tort

of intentional infliction of emotional distress.  Therefore,

defendant's motion to dismiss count VI will be granted.

Based on the foregoing, it is ordered that defendant's motion

to dismiss counts I and III is denied, and defendant's motion to

dismiss count VI is granted.   Plaintiff's motion for leave to file surrebuttal is also granted.

SO ORDERED this 8th day of November 2010.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

11